UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHICO COLLINS                                        CIVIL ACTION

VERSUS                                               NUMBER: 06-0843

UNITED STATES OF AMERICA                             SECTION: "R"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Chico Collins, a federal prisoner presently housed in a federal correctional facility in Florida. The instant complaint concerns Collins' earlier custody in the Orleans Parish Prison ("OPP"). Collins has named as his sole defendant the United States of America.

Collins represents that on August 26, 2005, with Hurricane Katrina bearing down upon the City of New Orleans, he, along with the other prisoners housed in OPP, were abandoned by OPP deputies, "left to die" without food or water, and later, without power or running water. When the prisoners were finally evacuated, they had to walk, "cuffed and shackled", through "chest-high, contaminated water", ultimately stopping on a bridge where they waited, for three hours, in 90 degree heat, without food or water or restrooms.

Following the above-described evacuation, Collins, along with other prisoners, were transported to Hunt Correctional Center ("Hunt"), a state facility, where, according to Collins, "matter[s] got even worser [sic]". At Hunt, Collins was given only one sandwich, one "small glass of water", and one blanket. He was then brought to a wet football field where he was expected to sleep and later, was "sprayed down with [a] high-power[ed] fire hose".

In addition to the above humiliating treatment, Collins complains that he suffered a property loss which included the loss of all of his personal items left at OPP, along with items he was forced to leave behind before evacuating aboard an airplane.

Collins has instituted suit herein *in forma pauperis* pursuant to 28 U.S.C. §1915. A proceeding brought *in forma pauperis* may be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law and fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Giving the instant complaint a liberal reading, it is recommended that it be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

A plaintiff cannot sue the United States without its explicit waiver of sovereign immunity in the statute giving rise to the plaintiff's cause of action. Garcia v. United States, 666 F.2d

960, 966 (5th Cir.), cert. denied, 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982); Owens v. Suter, 2003 WL 942554, *2 (S.D.N.Y. 2003). The United States has not waived its immunity against civil rights actions filed pursuant to 42 U.S.C. §1983. Suter, 2003 WL at *2 (citing Morpurgo v. Board of Higher Ed. in City of New York, 423 F.Supp. 704, 714 (S.D.N.Y. 1976).

Additionally, Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his constitutional rights. The United States is not a "person" within the meaning of §1983 and therefore, cannot be sued under that statute. Accardi v. United States, 435 F.2d 1239, 1241 (3rd Cir. 1970) (citing Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961); United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969); and, Broome v. Simon, 255 F.Supp. 434 (W.D.La.1966)). See also Fetter v. United States, 1992 WL 365343, *1 (D. Or.), aff'd, 972 F.2d 1338 (9th Cir. 1992).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Collins' suit against the United States of America be dismissed with prejudice. See Marts v. Hines, 117 F.3d 1504 (5th Cir. 1997)(en banc), cert. denied, 522 U.S. 1058, 118 S.Ct. 716 (1998).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  18th  day of    July   , 2006.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE